Hon. Francis T. Murphy, Jr. Presiding Justice Supreme Court, Appellate Division First Department
You have requested my opinion as to whether members of the Central Screening Committee in the Appellate Division, First Judicial Department are volunteers within the purview of section 17, subdivision 1 of the Public Officers Law.
Section 17 of the Public Officers Law provides for representation and indemnification of persons serving the State in the event that they become parties in civil litigation arising out of the conduct of their duties. This section applies (Public Officers Law, § 17, subd 1) to "any person holding a position * * * in the service of the State, whether or not compensated, or a volunteer expressly authorized to participate in a state-sponsored volunteer program * * *". Thus, if members of the Central Screening Committee are volunteers within the purview of the quoted subdivision, indemnification and representation may be made available to them, subject to the terms and conditions of Public Officers Law, § 17.
Your request explains that the Central Screening Committee has been established to improve the efficiency of the Assigned Counsel Plan administered by the Court under County Law, Article 18-B. Pursuant to Article 18-B, a "Bar Associations' Plan" was approved by the Judicial Conference of the State of New York on April 28, 1966 under which the County Bar Associations provide panels of competent attorneys whose services may be made available as assigned counsel to indigents in criminal cases. In the First Judicial Department, the Appellate Division has established the Central Screening Committee to review the qualifications of attorneys designated as members of the panels. The Committee thus has the power to add or delete attorneys from the County Law, Article 18-B Program.
As you suggest, the Committee appears to function in a manner similar to the Character and Grievance Committees of the various Departments of the Appellate Division, the members of which may be considered volunteers for the purpose of Public Officers Law, § 17 (1978 Op Atty Gen, September 28). However, since the Central Screening Committee unlike the Character and Grievance Committee is not expressly mentioned in any statute or in any regulation of the Appellate Division, First Department, it is not entirely free from doubt that the Central Screening Committee constitutes a "state-sponsored volunteer program" as contemplated by Public Officers Law, § 17, subdivision 1.
It is, therefore, my opinion that to assure that eligibility of members of the Committee for the benefits of Public Officers Law, § 17, with respect to committee service already performed and to be performed in the future, reference to the Committee should be added to the Rules of the First Department (22 NYCRR Part 600). You may wish to include a statement in such regulation that service on the Committee constitutes participation in a "state-sponsored volunteer program".
Of course, indemnification and representation by the Attorney General depends upon a case by case determination whether the person in question was acting within the scope of his or her appointment, and whether damage resulted from his or her intentional wrongdoing or recklessness (Public Officers Law, § 17, subd 2b, 3a; 1979 Op Atty Gen, June 18).